[No. 522. Decided September 17, 1892.]

# JOHN G. MYERS AND I. N. BIGELOW, *Appellants*, v. H. A. LANDRUM, *Respondent.*

EXECUTION—TRIAL OF TITLE—COUNTERCLAIM—APPEAL—NOTICE—DISCRETION OF COURT—VACATING JUDGMENT—APPEALABLE ORDER.

Where property seized by the sheriff on execution is claimed by a third party, who delivers his affidavit and bond therefor, as required by Code Proc., § 461, the execution plaintiff cannot, on a trial of the issue of title, interpose a counterclaim.

Notice of appeal from an order overruling a motion to set aside a judgment theretofore rendered is not effective as a notice of appeal from the judgment itself.

It is not an abuse of discretion for the trial court to deny a motion to vacate a judgment when the affidavits in support of the motion show only a want of attention to the case by counsel and clients.

An order denying a motion to vacate a judgment is a final order after judgment, and therefore appealable.

*Appeal from Superior Court, King County.*

*Bronson & Bronson,* for appellants.

*Garrett & Corliss,* for respondent.

The opinion of the court was delivered by

STILES, J.—Appellant Myers, claiming to own the property seized by the sheriff, delivered to him an affidavit and bond under Code Proc., § 461. The sheriff accepted the bond, and delivered the property to Myers. Bigelow and one Knight were the sureties on the bond. Respondent, in response to Myers' affidavit, filed an answer and counterclaim, and Bigelow a so-called intervention. The answer was uncalled for, as we have decided in *Chapin v. Bokee, ante,* p. 1. The counterclaim stated no cause of action, as the statute provides for a judgment against the claimant for

the value of the property if he fails to make his claim good. The intervention was wholly unauthorized by the statute.

The cause, under Code Proc., § 493, was on the calendar of the superior court for trial on December 16, 1891. Upon that day the court, at the time set for the hearing, in the absence of the appellants, gave judgment for the respondent in the sum of $510. Thereafter the appellant, Myers, and one of his sureties, Bigelow, filed separate motions to set aside the judgment rendered against them. Notices of the motion were not served upon any of the parties but Landrum. The court overruled both motions; upon which, in open court, Myers and Bigelow each gave notice of appeal to this court. These notices of appeal could apply only to the motions to set aside the judgments. To apply to the judgments themselves the notices must have been in writing, since they were not given at the time of entry; and they must have been served upon all parties who had appeared in the action, of whom the sheriff was one. Code Proc., §§ 1405–6. The merits of the case are therefore not before us.

To sustain the motions to vacate, affidavits were filed under Code Proc., § 221; but the facts stated in them only show a want of attention to the case by counsel and clients. Such motions are addressed to the discretion of the court, and substantial grounds, including a showing of merits in the party's complaint or defense, should be made clearly to appear. This much is necessary to secure the opening of the case by the superior court; but to warrant the interference of this court in such cases the showing must be such as to require us to say that the superior court has not exercised a sound judicial discretion, or, in common phrase, has abused its discretion. Nothing of the kind appears here; indeed, upon the showing made it would have been unjust to the respondent to do else than deny the motions.

Counsel for respondent sought a dismissal of the appeal

on the ground that the orders of the court were not appealable, upon the authority of *Spokane Falls v. Curry,* 2 Wash. 542 (27 Pac. Rep. 477). The opinion in that case does seem to warrant such construction. But it was not written on a motion to dismiss, and it will be seen that the same reason existed there as here for the action of this court, viz., the weakness of the affidavits. Such orders are final orders after judgment, and are appealable when they *refuse* the relief prayed for. *N. P. R. R. Co. v. Black,* 3 Wash. 327 (28 Pac. Rep. 538).

The orders appealed from are therefore affirmed.

ANDERS, C. J., and DUNBAR, SCOTT and HOYT, JJ., concur.