[No. 625. Decided November 1, 1892.]

SANBORN, VAIL & COMPANY, *Respondents*, v. CENTRALIA FURNITURE MANUFACTURING COMPANY, *Appellant*.

VACATION OF JUDGMENT — EXCUSABLE NEGLECT — JUDICIAL DISCRETION.

It is not an abuse of discretion for a trial court to deny a motion to vacate a judgment by default when the only ground upon which the relief is sought is that defendant's counsel was prevented from answering the complaint on account of absence from the city.

*Appeal from Superior Court, Lewis County.*

*H. Julius Miller*, and *Phil Skillman*, for appellant.

*Landrum & Landrum*, for respondents.

The opinion of the court was delivered by

HOYT, J.——This appeal is brought to reverse the action of the court below in refusing to vacate and set aside a judgment rendered against appellant by reason of its default in not appearing and answering the complaint of plaintiffs as required by the terms of the summons duly

served upon it.    The ground upon which relief was sought against such judgment was the alleged excusable neglect of defendant and its counsel.    The allegation of the affidavit filed in support of the motion to vacate the judgment, so far as this question is concerned, was as follows, to wit:

"We further say that the defendant has fully and fairly stated the case in this cause to Geo. E. Rhodes, esq., defendant's counsel, who resides at Centralia, Washington, and employed said counsel to resist the claim of the plaintiff, and conduct this suit to its close.    That through the neglect of said counsel, or absence from Centralia, Washington, said counsel having been delayed, hindered and detained at Mineral City, Washington, defendant was prevented from appearing and answering this action.    That upon notice of default having been obtained by said plaintiff, the defendant employed H. Julius Miller, counsel residing at Centralia, Washington, by reason of the absence of said counsel, Rhodes, and after fully stating the case to my counsel, am advised by them that I have a good and substantial defense on the merits of the action, and verily believe the same to be true."

And the question presented for us to decide is, as to whether or not this showing so clearly established the fact that the defendants were entitled to be relieved against the judgment that the court below in refusing such relief abused the discretion vested in it.    That questions of this kind are submitted to the sound judicial discretion of the court to which the application is addressed is conceded by appellant, and this being so, it comes within that class of cases in which the appellate court will not interfere unless the action of the court below is so clearly erroneous as to substantially warrant this court in finding that it has not acted in good faith in the matter.    We should hold that the affidavit above set out did not show such diligence and want of fault on the part of the defendant as to entitle it to relief against the judgment, even if the question were presented to us as an original proposition.    And when it

is presented to us, as in this case, under such circumstances that we must not only find that the showing was sufficient to warrant the court below in granting the relief, but in addition thereto that the showing was so strong that the action of the court below in holding it insufficient was an abuse of discretion, before we can interfere, it is clear that the appellant is not entitled to relief in this court.

The judgment must be affirmed.

ANDERS, C. J., and DUNBAR, SCOTT and STILES, JJ., concur.