(No. 5595. Decided July 27, 1905.)

J. EUGENE JORDAN, *Respondent,* v. ISAAC P. HUTCHINSON
*et al., Appellants.*[1]

APPEAL—FINAL ORDERS—ORDER OF DEFAULT. A refusal to vacate
an order of default before final judgment is not final or appealable,
and is reviewable on appeal from the final judgment.

JUDGMENT—VACATION—AS MATTER OF RIGHT ON PUBLICATION OF
SUMMONS—ACTIONS FOR RECOVERY OF LAND—STATUTES—CONSTRUC-
TION. Bal. Code, § 5518, giving an absolute right to vacate a judg-
ment had upon the publication of summons in an action to recover
the possession of land, has no application to a judgment in an action
to set aside conveyances for fraud and subject land to the lien of
judgments.

JUDGMENT—VACATION—GOOD CAUSE—SHOWING. Good cause for the
vacation of a default judgment secured on publication of summons
does not appear from the fact that defendant's place of residence
might have been ascertained by the plaintiff, where plaintiff and his
counsel made diligent effort to ascertain the same without success,
and where defendant had actual knowledge of the pendency of the
suit thirteen days before the default.

Appeal from a judgment of the superior court for King
county, Bell, J., entered January 4, 1905, upon overruling
defendant's motion to vacate an order of default, in an action
to subject lands to the lien of judgments. Affirmed.

*Byers & Byers,* for appellants.

*Allen, Allen & Stratton,* for respondent.

HADLEY, J.—Respondent moves to dismiss this appeal.
The notice of appeal states that the appeal is from the final
judgment in the action, and also from an order entered prior
to the final judgment. The order mentioned was one denying
a motion to vacate an order of default previously entered.
The default order was entered April 22, 1904, and the order
denying the motion to vacate the default was entered June
25, 1904. Judgment in the cause was not entered until Janu-

[1] Reported in 81 Pac. 867.

ary 4, 1905, and the appeal notice was served on the 10th day of the same month. Respondent urges in support of the motion to dismiss the appeal that, if the refusal to vacate the order of default was appealable, then it follows that the appeal was not taken in time, and that this court is without jurisdiction. It is conceded that orders vacating default judgments are not appealable, under the decisions of this court; but it is pointed out that a refusal to vacate a final judgment by default is appealable. It is argued that, for the same reasons which make a refusal to vacate a final judgment by default appealable, a refusal to vacate an ordinary order of default entered before final judgment is also appealable. We think, however, that, under our statute governing appeals, the two cannot be classified as similar. A refusal to vacate a final judgment is a final order made after judgment, which affects a substantial right, and is appealable, under Bal. Code, § 6500, subd. 7. A refusal to vacate a mere order of default is not a final order made after judgment, but is one made before judgment, and subd. 1 of the section of the statute above cited expressly provides that the appeal from the final judgment shall bring up for review any order made in the same action before judgment. The appeal from the final judgment in this case therefore brings up for review the refusal to vacate the order of default, and the motion to dismiss the appeal is denied.

Upon the merits of the appeal, the error assigned is that the court erred in denying appellants' motion to vacate the order of default, and in entering judgment for respondent. The action was brought for the purpose of setting aside certain conveyances of real estate as having been fraudulently made, and to subject the land to the lien of judgments held by respondent. The service of process upon appellants was by publication of summons. They contend that, under Bal. Code, § 5518, they have the absolute right at any time within two years, to have an order vacating the judgment. The contention is based upon the following portion of said section:

"When service of the notice is made by publication, and judgment is given for failure to answer, at any time within two years from the entry thereof, the defendant, or his successor in interest as to the whole or any part of the property, shall, upon application to the court, or judge thereof, be entitled to an order vacating the judgment, and granting him a new trial, upon the payment of the costs of the action."

Whatever may be said of appellants' argument if this were a case coming within the terms of said statute, it is, however, sufficient to say that the statute does not apply to this case. It relates alone to actions for the recovery of possession of real property, and this is not such an action.

Considering the application to vacate the default, with reference to either § 4880 or § 5091, Bal. Code, it will be observed that the former section provides that, when the summons is not personally served, a defendant shall "on application and sufficient cause shown," at any time before judgment, be allowed to defend; and the latter section provides that the court may, in its discretion, before final judgment, set aside any default upon affidavit showing good and sufficient cause. Has good and sufficient cause been shown here? And has the court abused its discretion in refusing to vacate the default in this case? One of the appellants made affidavit in support of the motion to vacate, that he resided in Boston, Massachusetts, when the summons was published; that his place of residence could have been discovered from the records of the auditor's office, or of the treasurer's office, of King county, and that respondent or his attorneys could have known the same by the exercise of ordinary diligence. The affidavit does not state that appellant had not actual knowledge of the pendency of the action in ample time to have appeared and defended the same. A counter affidavit made by respondent's counsel discloses that both respondent and his counsel made diligent inquiry to ascertain the address of appellants at the time the action was commenced, and that they were unable to discover it; that appellants had actual knowledge

of the pendency of the action at least thirteen days prior to the entry of the default, at which time they wrote a letter addressed to their attorneys in Seattle concerning the action; that the affiant saw the letter six days before the default was entered. These statements are not denied by anything appearing in the record. The record shows no more than neglect on the part of appellants. We therefore think sufficient cause was not shown for opening the default, and that the court did not abuse its discretion in refusing to vacate it. *Spokane Falls v. Curry,* 2 Wash. 541, 27 Pac. 477; *Myers v. Landrum,* 4 Wash. 762, 31 Pac. 33; *Sanborn, Vail & Co. v. Centralia Furn. Mfg. Co.,* 5 Wash. 150, 31 Pac. 466; *Haynes v. Schwartz Co.,* 5 Wash. 433, 32 Pac. 220.

Under the record before us, and within the authority of the statutes and decisions cited, the court did not err. The judgment is affirmed.

MOUNT, C. J., ROOT, CROW, FULLERTON, and RUDKIN, JJ., concur.