[No. 7534.  Decided January 11, 1909.]

NELS ANDERSON, *as Administrator, etc., Appellant*, v.
ROBERT SHIELDS, *Respondent*.[1]

JUDGMENT—VACATION OF VOLUNTARY DISMISSAL—EXCUSABLE NEG-
LECT — DISCRETION OF COURT — CONTINUANCE — ABSENCE OF COUNSEL.
The denial of the vacation of a judgment of voluntary dismissal,
asked for on the ground of mistake, inadvertence and excusable neg-
lect, is largely a matter of discretion; and no abuse of discretion is
shown where it appears that the case was set for hearing on 10
a. m., that one of the plaintiff's counsel was present and asked for a
continuance until the afternoon in order that other counsel familiar
with the case could attend, but refused to consent to pay witness fees
of one witness amounting to $2.50 a day as a condition for the con-
tinuance, and rather than do so, asked a dismissal of the suit
without prejudice, which was granted, there being no showing that
counsel were misled; although by such dismissal the operation of
the statute of limitations barred a recovery; since the neglect of
counsel to know that the statute would run does not fall within the
provisions of the statute, and counsel must take notice of the
probability that cases will be called at the time they are assigned.

Appeal from an order of the superior court for Whatcom
county, Neterer, J., entered April 6, 1908, refusing to vacate
a judgment of dismissal, after a hearing upon affidavits.
Affirmed.

*Million & Houser* (*Parrott & Griswold,* of counsel), for
appellant.

*Crites & Romaine,* for respondent.

DUNBAR, J.—This is an appeal from an order refusing to
vacate a judgment of voluntary nonsuit and reinstate the
case for trial. The facts are about as follows: The action
was brought to recover $258, being the balance due upon a
note given for $458, upon which a payment of $200 was made
on November 1, 1901. The answer alleged the payment in
full of the note. The case was set down for trial on Monday,

[1]Reported in 99 Pac. 24.

April 6, 1908. The attorneys for the plaintiff were Million & Houser, of Seattle, and Parrott & Griswold, local counsel. The affidavit for continuance shows that the plaintiff's case was in charge of E. C. Million, one of the attorneys, that he was familiar with the evidence in the case, and that Griswold was not. After the case was set for trial, Million was informed by Griswold that the trial would probably not be reached until Monday afternoon or Tuesday morning. The record shows that, when the case was called at 10 a. m., Monday, April 6, 1908, the plaintiff appeared by W. J. Griswold, Esq., of the law firm of Parrott & Griswold, and the defendant appeared in court in person and by his attorneys, Crites & Romaine, whereupon the following proceedings were had:

"The Court: Are both parties ready for trial in this case? Mr. Romaine: If your honor please, we are prepared to go to trial. Mr. Griswold: If your honor please, we cannot go to trial at this time, for the reason that Mr. E. C. Million, one of the attorneys for the plaintiff, has the note in his possession and all the evidence which plaintiff will be required to introduce to substantiate his claim. As he has not shown up, I would ask for a few minutes' time in which to telephone and locate him. The Court: Very well, you may have a few minutes."

After the lapse of a short time, Mr. Griswold returned and informed the court that Mr. Million could not arrive before one o'clock, and that he did not feel authorized to commence the trial of the case. Mr. Romaine objected to any continuance, stating that they were keeping a witness at an expense of $2.50 per day; that the witness resided at Fraser river and was anxious to get home and begin work, and he should object to a continuance unless plaintiff would pay the witness $2.50 per diem and board until the case was tried. Mr. Griswold stated that he did not feel authorized to make any such arrangement, and in view of the court's ruling that unless a continuance was consented to the cause must proceed to trial, moved the court to dismiss the case without

prejudice at plaintiff's cost. The motion was granted. At 6:30 p. m. of the same day, plaintiff appeared by E. C. Million and made a motion to vacate the judgment of dismissal, setting up the fact that he had been attending to some business in Mount Vernon the night before, and that he had not left that place until noon for Bellingham, arriving there after the case had been dismissed. The motion to vacate was opposed by the attorney for the defense. Mr. Griswold also filed an affidavit in support of the motion, the substance of which was that he had notified Mr. Million that the case was set for trial on Monday morning, but that it would probably not be tried before the afternoon, or the morning of the next day. Upon this showing, the court refused to vacate the judgment, and this appeal is taken.

Of course, it is conceded that a question of this kind is very largely a matter within the discretion of the court, and that the appellate court will not disturb the judgment of the lower court unless that discretion has been plainly abused. We do not think it can be said that there was such an abuse of discretion in the case at bar as would warrant the interference of this court. It appears from the record that the anxiety of counsel for the appellant to have the case vacated, instead of bringing another action, was because of the fact that, if the dismissal of the cause stands, the statute of limitations intervenes, and the action is barred. Bal. Code, § 4953 (P. C. §424), provides that the court may, upon such terms as may be just and upon the payment of costs, relieve a party from an order taken against him through his mistake, inadvertence, surprise, or excusable neglect. The neglect of the appellant in this case to know that the statute of limitations would run against his claim in case his action was dismissed, we do not think falls within the provisions of this statute. Nor is this a case where the case was wrongfully dismissed. It was within the power of the appellant to accede to the demands of the respondent in relation to paying the expenses of the witness whom he was holding there, and

30—51 WASH.

it was certainly a very modest demand. This counsel did not see fit to do, but chose the alternative of asking to have the cause dismissed, and after the action of the court in complying with his request, we do not think he can be heard to say that he did not, as a legal proposition, understand the full scope and effect of the decision for which he asked. While the main consideration always is the trial of the case on the merits, yet statutes and rules of practice are enacted for a good purpose, and they must be taken notice of by litigants. There seems to have been no justification for the notice, given to attorney Million by attorney Griswold, that the case would probably not be tried before the afternoon or morning of the next day. It does not appear in the record, but it is stated by counsel for respondent, that this was the only cause on the docket for Monday. We mention this statement outside of the record merely to show that such a state of facts is probable when a case is assigned, and that counsel must take notice of the probability that their cases will be called at the time they are assigned for hearing. In view of the fact that the motion was made by appellant's counsel, and that there was no showing that counsel had been misled in any way, and his own statement being to the effect that he knew that the assignment had been made for ten o'clock on Monday, we think we should not be justified in interfering with the discretion of the court, and that this case falls within the principle of the rule announced in *Myers v. Lundrum,* 4 Wash. 762, 31 Pac. 33, and *Sanborn, Vail & Co. v. Centralia Furniture Mfg. Co.,* 5 Wash. 150, 31 Pac. 466.

The judgment is affirmed.

MOUNT, CROW, and RUDKIN, JJ., concur.