[No. 8985.    Department Two.    February 7, 1911.]

FRANK KAIN, *Appellant*, v. F. S. SYLVESTER *et al.*,
*Respondents.*[1]

JUDGMENT—DEFAULT—VACATION—MISTAKE. It is not an abuse
of discretion to set aside a default judgment for mistake, under
Rem. & Bal. Code, § 303, where the defendant had consulted with,
and believed in good faith that he had employed, a lawyer to defend
the action, although the attorney denied the employment.

WORK AND LABOR—CONTRACT—PLEADING AND PROOF—GENERAL DE-
NIAL. In an action for services under a joint contract of employ-
ment, it is competent, under a general denial, to disprove the con-
tract alleged by showing a different contract whereby the plaintiff
was employed by only one of the defendants.

WORK AND LABOR—CONTRACT—EVIDENCE—SUFFICIENCY. In an ac-
tion for services on an alleged joint contract, the evidence supports
findings that the plaintiff, a stockholder, was employed by a corpor-
ation alone, when he had been employed by it in the same capacity
during two seasons and the other defendants merely acted in their
official capacity as officers of the corporation.

Appeal from a judgment of the superior court for King
county, Gilliam, J., entered February 21, 1910, upon find-
ings in favor of certain of the defendants, after a trial on
the merits before the court without a jury, in an action on
contract.    Affirmed.

*Bo Sweeney*, for appellant.

*Dorr & Hadley*, for respondents.

RUDKIN, J.—Between the 26th day of July, 1906, and
the 5th day of November, 1907, the plaintiff, Kain, and one
Wilson were engaged in prospecting for oil on certain claims
in the territory of Alaska.    The present action was instituted
by the plaintiff in his own behalf and as assignee of Wilson
to recover the contract price of their services.    The com-
plaint alleged a joint employment of the plaintiff and his
assignor by the defendants Sylvester, Giffin, Bowser,

[1]Reported in 113 Pac. 573.

Hammond, and the Cook Inlet Development Company. The defendants Bowser and Hammond were not served with process and made no appearance in the action. The defendant Sylvester appeared and answered, and a default was declared and entered against the defendants Giffin and the Cook Inlet Development Company. Later the default against Giffin was set aside on motion and he was permitted to file an answer. The trial resulted in a judgment against the Cook Inlet Development Company, by reason of its default, and a judgment in favor of the individual defendants Sylvester and Giffin. From the judgment in favor of the latter, the plaintiff has appealed.

The setting aside of the order of default against the respondent Giffin is the first error assigned. Process was served on this respondent June 20th, 1909, and the default was declared and entered on the 14th day of September, 1909. On October 30, 1909, a motion to set aside the default was interposed, supported by affidavits and opposed by counter affidavits. It appears from the affidavit of the respondent that, soon after the service of the summons and complaint upon him, he consulted with an attorney in the city of Seattle in reference to the case, and supposed that he had employed such attorney to represent him in the action. In a counter affidavit filed by the attorney the employment is denied, and whether there was such an employment is very questionable, but the fact of employment is not decisive of the question now before us. If the respondent believed in good faith that he had employed an attorney to appear in the action and consulted him for that purpose, it was within the province and discretion of the trial court to permit him to appear and defend the action after the time limited by law, even though he were mistaken. Rem. & Bal. Code, § 303, contemplates such mistakes as this, and no abuse of discretion appears.

The next assignment of error is based on the admission of testimony on cross-examination of the appellant's witnesses

and on the direct examination of the respondents' witnesses, tending to show that the contract of employment was entered into by and on behalf of the defendant corporation alone, and not on behalf of the individual respondents. The apparent basis of the objection to this class of testimony is the fact that no such contract was pleaded in the answer. But the answer denied the joint contract of employment set forth in the complaint, and under such denial it was clearly competent to prove another and different contract for the purpose of disproving the contract as alleged. Such has been the uniform holding of this court. *Puget Sound Iron Co. v. Worthington*, 2 Wash. Ter. 472, 7 Pac. 882, 886; *Trumbull v. Jackman*, 9 Wash. 524, 37 Pac. 680; *Williams v. Ninemire*, 23 Wash. 393, 63 Pac. 534; *Peterson v. Seattle Traction Co.*, 23 Wash. 615, 63 Pac. 539, 65 Pac. 543, 53 L. R. A. 586; *Armstrong v. Musser Lumber & Mfg. Co.*, 43 Wash. 584, 86 Pac. 944.

The remaining assignments of error are based on the insufficiency of the evidence to sustain the findings and judgment. In so far as the assigned claim is concerned, the testimony is all but conclusive that Wilson was employed by the corporation alone and was at all times fully conscious of that fact. He was a stockholder in the corporation and had represented it in the same capacity during the seasons of 1904 and 1905. He had purchased supplies in the name of the corporation, received checks from the corporation, addressed letters to the corporation, and on his return in 1907 presented his bill to the corporation. On the other hand, there is no testimony worthy of the name tending to fix individual liability on the individual respondents, who were at all times acting in their representative capacity as vice president and secretary-treasurer of the corporation defendant. The testimony is not so clear and satisfactory as to the individual claim of the appellant, but it nevertheless appears that he was employed by Wilson, and in contracting for his services Wilson represented the corporation and not its offi-

cers as individuals.    The testimony offered tending to show an employment by the respondent Giffin as an individual is meager and unsatisfactory, and from a full consideration of the record we are satisfied with the findings and conclusions of the court below.

Its judgment is accordingly affirmed.

DUNBAR, C. J., CROW, MORRIS, and CHADWICK, JJ., concur.