[No. 14929. Department Two. January 6, 1919.]

THE STATE OF WASHINGTON, *on the Relation of John P. Kiggins et al., Appellants,* v. G. S. HADLEY, *Police Justice of the City of Camas, Clarke County, Respondent.*[1]

JUDGMENT (36)—DEFAULT—VACATION—DISCRETION. The vacation of a default judgment rests in the discretion of the trial court, and it is not an abuse of discretion to vacate a default writ of prohibition if erroneously granted.

MUNICIPAL CORPORATIONS (333)—VIOLATION OF ORDINANCE—JURISDICTION—POLICE COURT—VENUE. Rem. Code, § 1756, requiring actions to be brought in justice court in the city or town where one or more of the defendants reside has no application to a prosecution for the violation of an ordinance of a city of the third class, jurisdiction of which is exclusively vested in the police judge of the city by Id., § 7671-29.

SAME (333)—JURISDICTION—POLICE COURT—CONTINUANCE. A police judge in cities of the third class does not lose jurisdiction of a criminal proceeding for the violation of a city ordinance by a continuance for more than sixty days, under Rem. Code, § 1847, which applies only to civil actions; in view of the fact that Rem. & Bal. Code, § 7700, providing that proceedings before police justices shall be governed by general laws was expressly repealed by Rem. Code, § 7671-35, conferring exclusive jurisdiction upon police justices in such cases.

Appeal from a judgment of the superior court for Clarke county, Back, J., entered May 18, 1918, in favor of the defendant, dismissing an application for a writ of prohibition, upon sustaining a demurrer to the affidavit. Affirmed.

*George O. Davis,* for appellants.
*John D. Currie,* for respondent.

HOLCOMB, J.—Appellants sought a writ of prohibition in the superior court of Clarke county, to prohibit the police judge of Camas, Washington, a city

[1]Reported in 177 Pac. 655.

of the third class, from proceeding against relators for the recovery of a penalty in the sum of $300, for an alleged violation of one of the criminal ordinances of the city. This appeal arises out of the same case as that decided in *State ex rel. Kiggins v. Woolson*, 98 Wash. 505, 167 Pac. 1088. Thereafter, on January 10, 1918, defendants answered the complaint and filed the answer with Kelley Loe, who had succeeded Woolson as police justice. Both parties endeavored to have the case set for trial, but were unable to do so until G. S. Hadley was appointed police judge. He set it for trial April 18, 1918. Appellants then appeared and moved for the dismissal of the action on the grounds that the defendants were residents of a third class city having a population of more than 3,000, and that the action should have been begun in the precinct in which they resided; and that the police court lost its jurisdiction by reason of having continued the case more than sixty days. This motion being overruled, appellants applied to the superior court for an alternative writ of prohibition requiring the police judge to show cause on April 29, 1918, at 9:30 a. m., why the writ should not be made permanent, prohibiting the police judge from proceeding further with the case.

On April 29, 1918, appellants' attorney obtained a default, and a permanent writ of prohibition issued and was served the same day. Respondent's attorney appeared a few minutes after the default had been entered. Some hours later, on the same day, respondent moved the court for the vacation of the default, and filed a demurrer to the affidavit in support of appellants' motion for writ of prohibition. Appellants demurred to the affidavit in support of the motion for vacation of default judgment, which demurrer was overruled. The motion to vacate was

granted, the demurrer to the affidavit for the writ of prohibition was sustained, and appellants' motion for a permanent writ was denied.

Appellants assign that the court erred in vacating the permanent writ of prohibition, sustaining respondent's demurrer to relators' application for the writ, and overruling relators' demurrer to respondent's motion and affidavit to vacate the permanent writ of prohibition.

If the police justice had jurisdiction of the action, the granting of the writ of prohibition would have been erroneous. The vacating of default judgments rests within the sound discretion of the court, which here does not manifestly appear to have been abused. If the police justice had lost jurisdiction, the judgment denying the peremptory writ of prohibition by the superior court is wrong.

Appellants' first contention, that all civil actions commenced in a justice court against a defendant or defendants residing in a city or town of more than 3,000 inhabitants shall be brought in the justice court in the city or town in which one or more of such defendants reside, as provided in Rem. Code, § 1756, is untenable in this case. We may concede that this is the law in civil actions commenced in justice courts, but the action at bar was one for a violation of a city ordinance, a penal and quasi criminal action, the exclusive jurisdiction of which is conferred by § 7671-29, in cities of the third class, on the police judge of such city.

Appellants' other contentions are that a justice court cannot continue an action exceeding sixty days, and that, when a justice of the peace continues a case indefinitely, he loses jurisdiction. In support of these contentions, appellants refer us to Rem. Code, § 1847. The statute relied upon was construed by this court

in *Nelson v. Campbell,* 1 Wash. 261, 24 Pac. 539, and it was then held that the rule of liberal construction regarding proceedings in a justice court does not extend to questions of jurisdiction, and that, under this section (then codified as § 1769, Code of 1881), a continuance for more than sixty days divests the justice of jurisdiction, unless his docket shows consent to such continuance.

But the section applies only to civil actions, while, as heretofore stated, this is a penal action. Camas is a third class city and, as we pointed out in the former mandamus proceeding before us, cited *supra,* the law formerly in force, giving to justices jurisdiction of criminal cases arising under ordinances of third class cities, was expressly repealed. Rem. Code, § 46. And Rem. & Bal. Code, § 7700, relating to proceedings before police justices, and providing that same should be governed by the general laws relating to justices of the peace and to their practices and jurisdiction, was also expressly repealed by Laws of 1915, p. 666, § 35 (Rem. Code, § 7671-35), and, by the same act, police judges in such cities were given exclusive jurisdiction in the cases therein specified, including such as this. As the law now stands, police justices in cities of the third and higher classes are something more than justices of the peace and are not bound by the general laws regulating proceedings in justices' courts. The police court did not, therefore, lose jurisdiction of the cause by failing to bring the case to trial within the sixty-day period, and the trial court was correct in dismissing the application for the writ of prohibition.

Affirmed.

MAIN, C. J., PARKER, FULLERTON, and MOUNT, JJ., concur.