[No. 19104. Department Two. May 7, 1925.]

EDWARD C. MOE, *Respondent*, v. ANTONE E. WOLTER, *Appellant*.[1]

JUDGMENT (36)—DEFAULT—VACATION—DILIGENCE. Due diligence appears in petitioning, two months after entry of default, for the vacation of a default judgment, taken on substituted service while defendant was in a foreign state, where, on notice mailed him, he did not appear on an attorney's advice, but immediately on returning to the state, he first commenced an action to set aside the judgment, and proceeded by petition on discovering the proper course.

SAME (41)—DEFAULT—VACATION—EXCUSE FOR FAILURE TO APPEAR. In such a case, it appearing that defendant consulted and acted on the advice of attorneys in failing to appear, such an excuse is presented as requires the court, in the exercise of its discretion, to set aside the default.

Appeal from an order of the superior court for Snohomish county, Alston, J., entered September 19, 1924,

[1]Reported in 235 Pac. 803.

upon sustaining a demurrer to the petition, denying the vacation of a judgment. Reversed.

*William Sheller,* for appellant.

*Wm. A. Johnson* and *A. J. Balliet,* for respondents.

Tolman, C. J.—This is an appeal from an order sustaining a demurrer to a petition to set aside a default judgment and denying the relief thus sought.

It appears that respondent, as plaintiff, brought this action against appellant, as defendant, to recover damages for false and fraudulent representations resulting in a written contract with reference to a certain patent right, in the sum of $2,643.70. The summons and complaint were served on December 21, 1923, by leaving a copy of each at the house of the defendant's usual abode in Snohomish county with a person of suitable age and discretion, the defendant not then being there and not being found in the county after diligent search by the sheriff. No appearance being made, an order of default was entered on January 21, 1924, and on the same day a judgment by default was rendered against the appellant in the full amount claimed. It further appears that, at the time of the service, and at all times thereafter until February 4, 1924, appellant was in the state of California; that the summons and complaint were forwarded to him there by the person with whom they were left by the sheriff; and that, upon receiving them, appellant immediately consulted attorneys of reputation and standing in the city of Los Angeles, California, and was advised by such attorneys that the action was not maintainable where service was made outside of the state of Washington, and was further advised to pay no attention to the summons and complaint; that one of the attorneys thus advising appellant represented that he

had formerly practiced law in, and was familiar with the laws of, the state of Washington.

Appellant alleges that he relied fully and entirely upon the advice thus given him, and hence did not appear in the action. He alleges in his petition that he has a meritorious and good defense to the cause of action set out in the complaint, and in addition has a good and meritorious counterclaim equal to any sum which the plaintiff might justly recover. He further alleges that he has used due diligence in attempting to obtain the vacation of the default judgment; that immediately upon his return to the state of Washington, on February 4, 1924, he commenced an independent action for the purpose of having the judgment set aside; and that as soon as it appeared that the proper course to pursue was to proceed by a petition in the original action, he so proceeded by preparing, verifying and filing his present petition. The demurrer to the petition is upon the sole ground that facts are not stated sufficient to warrant the relief asked; and this is not a case, therefore, in which there are conflicting affidavits and a dispute as to the facts. The question is as to whether or not the trial court abused his discretion in refusing appellant any relief under the allegations of his petition admitted by the demurrer to be true.

The first subject of inquiry is always the question of whether the person seeking to set aside a judgment by default has acted with due diligence. On this point, there seems little to be said and small room for difference of opinion. Notwithstanding the delay caused by the mistake of bringing an independent action, the question here involved was submitted to the trial court in March, 1924, or approximately within two months after the default judgment was entered, and the facts pleaded indicate, beyond a doubt, that appellant was

diligent in seeking relief. We think this case presents a stronger showing of diligence than that held to be sufficient in *Spoar v. Spokane Turn-Verein,* 64 Wash. 208, 116 Pac. 627.

The second question is, was appellant's neglect to make timely appearance excusable? We think it was. It is not unusual or improper for business men and men of affairs to leave the state for a more or less lengthy sojourn, and no duty to a creditor is thus violated. The statute providing for substituted service is made to meet such conditions, and only by virtue of the statute was the respondent authorized to proceed in the absence of the appellant from the state. The statute, of course, contemplates that a person of suitable age and discretion, receiving a summons and complaint in the absence of the person named as defendant, will promptly transmit them to him or advise him of the making of the substituted service. This was done, and upon the receipt of the papers in California, the defendant did just what an ordinarily prudent and careful man would do—consulted attorneys. That they or he misconstrued the situation, seems to us, under the circumstances, to be entirely excusable; at any rate, he relied upon their advice, as any reasonable man would, and we think his showing in that respect entirely sufficient to call into action the discretion of the court and, in the exercise of that discretion, to justify the setting aside of the default judgment and awarding a trial upon the merits. The situation presented by the appellant seems to us more favorable than that presented in *Kain v. Sylvester,* 62 Wash. 151, 113 Pac. 573, where it was held that the facts shown warranted the trial court, in the due exercise of his discretion, in setting aside the default. In most, if not all of the cases upon which the respondent relies, the trial court was called upon to pass upon disputed facts,

and of course, in such cases, this court is very slow to hold that the trial court abused its discretion. In matters of this kind, each case stands upon its own facts, and here, the facts being wholly undisputed and fully admitted, it seems to us that, in the exercise of its sound discretion, the trial court should have granted the relief sought.

The judgment appealed from is reversed, and the cause remanded for further proceedings in accordance with the views herein expressed.

FULLERTON, HOLCOMB, and MACKINTOSH, JJ., concur.