[No. 21359. Department One. February 1, 1929.]

G. M. RULE, *Respondent*, v. S. S. SOMERVILL *et al., Defendants,* HAMMOND LUMBER COMPANY, *Appellant.*[1]

*Fisk & McCarthy,* for appellant.

*Browder Brown,* for respondent.

FULLERTON, J.—The respondent, Rule, on October 6, 1926, recovered a judgment against S. S. Somervill and Elmer J. Somervill, copartners then doing business under the firm name of Pioneer Lumber Company, for the sum of $274.42. On October 15, 1926, execution on the judgment against the judgment debtors

[1]Reported in 274 Pac. 177.

having failed, the respondent sued out a writ of garnishment against the appellant, Hammond Lumber Company, averring, in his affidavit filed in support of his application for the writ, that he had reason to believe, and did believe, that the appellant was indebted to the judgment debtors and had in its possession, and under its control, personal property and effects belonging to them.

The writ was in the form prescribed by the statute (Rem. Comp. Stat., § 685). It commanded the appellant to appear within a stated time and answer upon oath what, if anything, it was indebted to the judgment debtors, and what effects, if any, it had in its possession belonging to them. The writ was served upon the appellant by leaving a true copy thereof with its agent who then resided at the city of Seattle, in the county of King. The appellant failed to make answer to the writ, whereupon the court rendered judgment against it, pursuant to the provisions of the statute (Id. § 692), for the full amount of the original judgment, with the accruing interest and costs.

The judgment was entered against the appellant on November 29, 1927. On December 15, 1927, the appellant petitioned for its vacation. The body of the petition follows:

"(1) That your petitioner is a corporation, organized and existing under and by virtue of the laws of the state of Delaware, and that it is authorized to do business in the state of Washington, and that your petitioner now has, and at all the times hereinafter mentioned has had, an agent for the service of process upon it; said agent being one T. P. Fisk, who has at all the times hereinafter mentioned been a resident of the city of Kelso, Cowlitz county, state of Washington.

"(2) That the business conducted by your petitioner during the times hereinafter mentioned consisted only in the operation of a logging camp in Cowlitz county, Washington, and in the purchase of

lumber and other timber products at various points throughout said state. That said lumber and other timber products were purchased for this petitioner by one E. W. Pack, an employee of petitioner, and that, for the convenience of your petitioner and the persons from whom it purchased such lumber and other timber products, your petitioner maintains a purchasing office in the city of Seattle, King county, Washington, which office is in charge of the said E. W. Pack. That the said E. W. Pack is not an officer of your petitioner, and is not its agent for any purpose other than the purchase of timber products in such amounts and at such prices as may be designated by the officers of your petitioner, and that said E. W. Pack at no time hereinafter mentioned has had any authority to bind your petitioner as its agent in any manner whatsoever, except as above set forth.

"(3) That the main office and principal place of business of your petitioner in the northwestern portion of the United States is located in the city of Portland, state of Oregon, and that at all times hereinafter mentioned all of the books and records of your petitioner have been kept in, and all of its business transacted through, said office.

"(4) That, on or about the 17th day of October, 1927, an attempt was made to serve this petitioner with a writ of garnishment in the above-entitled action by leaving the same with the said E. W. Pack in the city of Seattle, King county, Washington. That at the time of said attempted service the said E. W. Pack told the person attempting to serve the same that he was not an agent of your petitioner for the service of process, and had no authority to accept the same, but that service should be made upon T. P. Fisk, the statutory agent of petitioner, at Kelso, Washington. That said person attempting to make such service thereupon told the said E. W. Pack that he had an extra copy of the writ which he would leave with him, and that, thereafter, the said E. W. Pack turned said writ of garnishment over to Mr. G. B. McLeod, the vice-president and manager of petitioner at its office in Portland, Oregon, and told him the circumstances surrounding the service of

the same. That neither the said G. B. McLeod, nor any of the other officers of the petitioner, had any previous experience with garnishments in the state of Washington, and believes that any service of process upon petitioner to be valid had to be made upon their statutory agent at Kelso, Washington. That none of the officers of your petitioner knew that the procedure in garnishment matters in the state of Washington differed from that in the state of Oregon, and that under the laws of the state of Oregon it is not necessary to file or serve any answer in garnishment proceedings, except under special order of the court which is issued after the service of the original writ, a statement to the sheriff or other officer serving the writ of garnishment that the garnishee-defendant is not indebted to the defendant in the main action being sufficient in said state of Oregon, unless controverted by the plaintiff, and that it has never been the custom or practice of petitioner to serve or file any answer to garnishments issued out of the courts in the state of Oregon in cases where the petitioner was not indebted to the defendant in the main action.

"That, at the time of the attempted service of said writ of garnishment, your petitioner was not, and is not now, indebted to the defendants in this action, or any of them, in any sum or sums whatsoever, and did not, nor does it now, have any property or effects of said defendant, or any of them, in its possession or under its control.

"(5) That, by reason of the fact that it was not indebted to any of the defendants in this action, and by reason of the manner in which service of the writ herein was attempted to be made, and by reason of the fact that your petitioner did not know or realize that judgment could be taken against it in this action when it was not indebted to any of the defendants, your petitioner failed to take any action with respect thereto, and that your petitioner had no notice of any further proceedings in said matter until it was advised on the 1st day of December, 1927, that judgment had been taken against it for its failure to answer said writ."

■ The respondent demurred generally to the petition, which demurrer the trial court sustained. The appellant elected to stand on the petition, and the court thereupon entered an order dismissing it.

While the petition seemingly questions the validity of the service of the writ of garnishment, it is a sufficient answer thereto to say that the service was valid under the provisions of the statute.

■ Applications for the vacation of default judgments have been invariably treated by this court as questions addressed to the sound discretion of the trial court, to be reviewed on appeal only for manifest abuse. In the following cases, the trial court, on the showing made, refused to vacate the judgment, and its order in that regard was affirmed by this court on appeal: *Myers v. Landrum,* 4 Wash. 762, 31 Pac. 33; *Sanborn, Vail & Co. v. Centralia Furniture Mfg. Co.,* 5 Wash. 150, 31 Pac. 466; *Livesley v. O'Brien,* 6 Wash. 553, 34 Pac. 134; *McDougall v. Walling,* 21 Wash. 478, 58 Pac. 699, 75 Am. St. 849; *Hurley v. Wilson,* 129 Wash. 567, 225 Pac. 441. In the following cases, the trial court vacated the default judgment, and this court likewise affirmed the ruling on appeal: *Bozzio v. Vaglio,* 10 Wash. 270, 38 Pac. 1042; *Kain v. Sylvester,* 62 Wash. 151, 113 Pac. 573; *Spoar v. Spokane Turn-Verein,* 64 Wash. 208, 116 Pac. 627; *Frieze v. Powell,* 79 Wash. 483, 140 Pac. 690; *Jacobsen v. Defiance Lum. Co.,* 142 Wash. 642, 253 Pac. 1088.

The only cases called to our attention where this court has reversed the ruling of the trial court on the question, are two, namely, *Moody v. Reichow,* 38 Wash. 303, 80 Pac. 461, and *Moe v. Wolter,* 134 Wash. 340, 235 Pac. 803. In the first of these cases, the trial court vacated the default judgment and this court reversed its holding. In the second, the contrary situation was

presented; the trial court refused to vacate the default judgment, and this court reversed its holding. The cases presented a somewhat peculiar state of facts, but it will be noticed that, in the discussion of the questions presented, the court did not depart from its theretofore announced rule, that the question involved in all such cases was whether the trial court, in its ruling, had abused its discretion.

In their arguments presented in the present case, counsel for each side find comfort in the expressions of this court used in certain of the cited cases. But these it would be of no purpose to review. It must always be remembered that the discussion by the court was had with reference to the facts before it, and as we noticed in *Moe v. Wolter, supra,* on questions of the sort here presented each case stands upon its own facts.

Passing to the immediate question, we find no cause to interfere with the discretion exercised by the trial court. The writ served upon the appellant was issued by the clerk of the court, over the seal of the court. It notified it of the nature of the proceedings, and in plain and concise terms commanded it to appear and answer thereto on or before a day certain. Seemingly no ordinarily informed person, if he gave it heed at all, could mistake its purport.

Writs of a court are issued to be obeyed, and while a court will relieve a suitor from the consequences of a disobedience of the command of a writ if such disobedience is shown to be the result of inadvertence, misfortune or excusable neglect, it will not relieve from a wilful disobedience, or from a disobedience which is the result of mere inattention or neglect. In our opinion, the petition for vacation shows nothing more than a disobedience of the latter sort, at least, there is no

such showing as will permit us to interfere with the discretion exercised by the trial court.

The respondent did not file its answering brief within the time fixed by the statute or rules of the court. The cost of printing the brief will not, therefore, be taxed against the appellant.

The order is affirmed.

MITCHELL, C. J., TOLMAN, BEALS, and HOLCOMB, JJ., concur.