[No. 23129. *En Banc.* November 5, 1931.]

PACIFIC COAST PAPER MILLS, *Respondent,* v. PACIFIC
MERCANTILE AGENCY, *Appellant.*[1]

*R. W. Greene,* for appellant.

*Walter B. Whitcomb,* for respondent.

MILLARD, J.—More than one year subsequent to the
entry of the judgment in garnishment against it, the
respondent, Pacific Coast Paper Mills, commenced this
action, by an independent petition, to have the judg-
ment declared void because of no service of process.
A default judgment was entered against the respond-
ent as garnishee defendant on March 8, 1928, in favor
of appellant, who had theretofore instituted an action
against one Paul Lynch on certain assigned claims and
recovered judgment for the amount claimed.

On February 16, 1928, a writ of garnishment was
issued out of the superior court directed to respondent,
requiring it to answer the writ within twenty days
after service thereof as to whether or not it was in-
debted, or had any effects belonging, to Paul Lynch
in its possession or under its control at the time of the

[1]Reported in 4 P. (2d) 886.

service of the writ. No appearance or answer was made to the writ, as required by the statute. The record of the garnishment proceedings was introduced in evidence, and discloses that service of the writ of garnishment was properly had upon the respondent February 16, 1928; and that, on March 7, 1928, appellant made an affidavit of default against respondent, and on March 8, 1928, took judgment on the default.

Respondent alleged in its petition that until June 4, 1930, it did not know of the judgment against it on the garnishment; that the superior court was without jurisdiction to enter judgment against the petitioner in that action, for the reason that the respondent had not been served with process; that no writ of garnishment had been served upon Herb, secretary of the company, or upon any other officer or managing agent, or upon the respondent, or at all, and that it had no knowledge of the judgment having been entered. It is further alleged in the petition that, on the date on which it was claimed that the writ of garnishment was served upon it, the respondent was not indebted to, nor did it have in its hands any property belonging to, Lynch.

During the trial of the cause, Herb, secretary of the respondent, admitted that, on February 29, 1928, he wrote a letter, reading as follows, to the appellant:

"You recently served us with a writ of garnishment, attaching the wages of one Paul R. Lynch, at that time in our employ.

"At the time of the service of the notice, Mr. Lynch's salary had been advanced to the end of February.

"This is to advise you that he has left our employ."

Thereupon, counsel for respondent moved that the complaint be amended, or else considered as amended, so as to allege that the judgment against respondent was obtained by fraud, in that, at the time the affidavit

of default was made and the judgment taken, the appellant knew that the respondent was not indebted to Lynch in any amount. Over objection of appellant, the trial amendment was allowed.

The trial court found that the writ of garnishment was not served on Herb, secretary of respondent, but that Herb knew of the service of the writ, and wrote the letter quoted above to appellant on February 29, 1928; that, in answering the writ of garnishment, as it did,

"The said Pacific Coast Paper Mills followed a custom that was in force and effect at the time, between it and the said Pacific Mercantile Agency, whereby when writs of garnishment were served upon the Pacific Coast Paper Mills, in cases of the said Pacific Mercantile Agency, which is a collection agency, where the Pacific Coast Paper Mills was not indebted, it informally answered the writ, either by letter or telephone, and such answer was accepted in lieu of a formal answer, and the said Pacific Coast Paper Mills, relying upon said custom, and thinking it had done all that was necessary, did not make a more formal answer."

From the order entered vacating the default judgment, the Pacific Mercantile Agency, Inc., has appealed.

Supporting the finding of the trial court is testimony by Herb that, to the best of his knowledge, recollection and belief, no writ was served upon him at the time in question, or at all, and that, after discovery of the judgment against the respondent, he searched, and caused the bookkeeper to search, the files in respondent's office for a copy of the writ, and it could not be found. The testimony of the bookkeeper was corroborative of the foregoing. The stenographer at the time testified that she had no recollection of any writ of garnishment of appellant against respondent being served

in February, 1928. She remembered, however, that at one time, when Lynch was working in the office near her desk, some one came in with a writ of garnishment, asked for Mr. Herb, and then inquired, when informed that Mr. Herb was not present, "Is there anybody else here that can accept service of a garnishment?" Lynch replied, "I think I might take it. Who is it for?" or something to that effect. The man handed the writ to Lynch, who put the same into his pocket.

We do not find any proof of custom as between appellant and respondent that appellant would accept, in lieu of a formal answer, such letters as that of February 29, 1928. It affirmatively appears in the record of the garnishment proceedings that respondent was actually served, and did not appear or answer. Mr. Herb's letter clearly states that the respondent was served; he wrote appellant: "You recently served us with a writ of garnishment," etc.

Where a garnishee has been served with process, he must answer thereto in a legal way. Our statute (Rem. Comp. Stat., § 690), reading as follows, requires the garnishee to answer in writing and under oath:

"The answer of the garnishee shall be under oath in writing signed by him, and shall make true answers to the several matters inquired of in the writ of garnishment, and shall be served upon the plaintiff or his attorney and filed with the clerk of the superior court."

The failure of the garnishee to answer as required by our statute, Rem. Comp. Stat., § 692, renders the garnishee liable to a judgment for the amount of the judgment which the plaintiff shall recover against the defendant in the action. The statute reads as follows:

"Should the garnishee fail to make answer to the writ within the time prescribed therein, it shall be lawful for the court, and on or after the time to answer such writ has expired, to render judgment by de-

fault against such garnishee for the full amount claimed by the plaintiff against the defendant, or in case plaintiff has a judgment against defendant, for the full amount of such judgment with all accruing interest and costs.''

The matter of garnishment is purely statutory. The procedure prescribed by the statute must be followed. The letter from respondent to appellant acknowledging service of process was not in conformity with the statute, hence did not constitute a legal answer. The respondent made no showing of fraud warranting vacation of the judgment.

*Gutierrez v. Romero*, 24 Ariz. 382, 210 Pac. 470, is not in point. Under the facts of that case, the default judgment was unauthorized and did not affect the right of the garnishees to answer, though their answer was somewhat tardy.

The order appealed from is reversed.

TOLMAN, C. J., BEELER, MAIN, MITCHELL, BEALS, and HERMAN, JJ., concur.

HOLCOMB, J. (dissenting)—I dissent.

The attack upon this judgment was made promptly after discovery. A direct attack upon a judgment, either upon the ground of lack of service or fraud by the successful party, not discovered until more than a year after the entry of the judgment, may be made at any time, if made promptly after discovery of the fraud. *State ex rel. Prentice v. Superior Court*, 86 Wash. 90, 149 Pac. 321; *Chehalis Coal Co. v. Laisure*, 97 Wash. 422, 166 Pac. 1158; *Bates v. Glaser*, 130 Wash. 328, 227 Pac. 15.

The vacation of default judgments rests within the sound discretion of the trial court and which, unless manifestly abused, will not be disturbed. *State ex rel. Kiggins v. Hadley*, 104 Wash. 648, 177 Pac. 655; *Hur-*

*ley v. Wilson,* 129 Wash. 567, 225 Pac. 441; *State ex rel. LeRoy v. Superior Court,* 149 Wash. 443, 271 Pac. 87; *Rule v. Somervill,* 150 Wash. 605, 274 Pac. 177.

In the last cited case (not cited by either counsel), we said:

"Applications for the vacation of default judgments have been invariably treated by this court as questions addressed to the sound discretion of the trial court, to be reviewed on appeal only for manifest abuse. [Cases are here cited where the trial court on the showing made had refused to vacate the judgment, and were affirmed by this court on appeal.] In the following cases, the trial court vacated the default judgment, and this court likewise affirmed the ruling on appeal: *Bozzio v. Vaglio,* 10 Wash. 270, 38 Pac. 1042; *Kain v. Sylvester,* 62 Wash. 151, 113 Pac. 573; *Spoar v. Spokane Turn-Verein,* 64 Wash. 208, 116 Pac. 627; *Frieze v. Powell,* 79 Wash. 483, 140 Pac. 690; *Jacobsen v. Defiance Lum. Co.,* 142 Wash. 642, 253 Pac. 1088."

Two cases were then cited where this court had reversed the trial court upon such applications, which were discussed, but it was stated,

"The court did not depart from its theretofore announced rule, that the question involved in all such cases was whether the trial court, in its ruling, had abused its discretion."

In the *Hurley* case, above cited, the lower court denied a petition to vacate a judgment, and we said:

"A petition to vacate a judgment is addressed to the discretion of the trial court, and substantial grounds therefor, including a showing of a meritorious defense, must be made clearly to appear. That rule does not apply in this court. Before we can interfere it must appear that the trial court has refused to exercise a sound judicial discretion in the matter, or, in other words, has abused its discretion."

In the *Jacobsen* case, *supra,* we said:

"The reason for the failure to appear is of far less importance than the fact that the default, if allowed

to stand will work an injustice.'' *Jacobsen v. Defiance Lumber Co.,* 142 Wash. 642.

In *Golson v. Carscallen,* 155 Wash. 176, 283 Pac. 681, we reversed the lower court for refusing to set aside a default judgment on petition, quoting approvingly from 34 C. J. 371.

The default judgment here is ''unjust, oppressive and inequitable.''

As was said in the *Bates* case, *supra,* in effect, by taking judgment against respondent when appellant had notice and was well informed that respondent was not indebted and had nothing belonging to the principal defendant, appellant was guilty of fraud in law. That was also the effect of the holding in the *LeRoy* case, *supra.* See, also, *Baer v. Lebeck,* 126 Wash. 576, 219 Pac. 22.

It is clear from the foregoing facts and cases that the trial judge exercised a just discretion in setting aside the default and judgment thereon.

The judgment should be affirmed.

PARKER, J., concurs with HOLCOMB, J.