[No. 24295.   Department One.   April 13, 1933.]

THE STATE OF WASHINGTON, *Appellant,* v. PATRICK SULLIVAN, *Respondent.*

THE STATE OF WASHINGTON, *Respondent,* v. PATRICK SULLIVAN, *Appellant.*[1]

*John W. Brisky* and *Thos. K. Chambers,* for plaintiff.

*John J. Sullivan, Everett O. Butts,* and *W. L. Brickey,* for defendant.

[1]Reported in 22 P. (2d) 56.

BEALS, C. J.—Three cases have by agreement been consolidated on this appeal.

In two of these, Patrick Sullivan was charged before a justice of the peace with the offense of unlawfully trapping or ensnaring migratory game birds. In each of these cases, the defendant was convicted before the justice of the peace and fined one hundred dollars and costs; from which judgments the defendant appealed to the superior court, where he was also found guilty, that court, however, imposing in each case a fine of only ten dollars and costs. From these two judgments the state has appealed, contending that the fines imposed by the superior court are less than the minimum required by law.

In the third case, Patrick Sullivan has appealed from a judgment entered against him on forfeiture of his bail bond in another prosecution. The facts in this case are discussed later in this opinion.

By agreement of counsel, the three appeals have been consolidated and were submitted together.

In the first place, the state on its appeal contends that the fines imposed by the court were below the minimum fixed by law. In each of these two cases, the defendant, Patrick Sullivan, was charged, in one count, with the unlawful trapping or ensnaring of migratory game birds, to wit, ten wild ducks. The state contends that, under the law, the court, after the entry of judgment of guilty as charged, should have imposed a fine of not less than ten dollars for each bird, or one hundred dollars in each of the two cases. By chapter 258, Laws of 1927, p. 596, § 11, Rem. Rev. Stat., § 5913, (amending chapter 178, Laws of 1925, Ex. Ses., p. 521, § 55), it was made unlawful for any person to trap, ensnare, etc., any game bird. By chapter 258, Laws of 1927, p. 603, § 26 (amending chapter 178, Laws 1925, Ex. Ses., p. 544, § 118), it is provided that:

"Any person violating any of the provisions of this act for which no specific penalty is provided, shall be guilty of a misdemeanor, and shall be punished by a fine of not less than ten dollars ($10), together with the cost of prosecution, or by imprisonment for not exceeding ninety days in the county jail, or both, at the discretion of the court, for each offense. The killing or taking of every single bird, animal or fish, protected by the laws of this state, shall constitute a separate offense, and it shall be the duty of the court before whom any person is found guilty of more than one such separate offense to impose at least the minimum punishment for each such offense." Rem. Rev. Stat., § 5990.

The trial court held that, as the defendant was charged, in one count, with the unlawful trapping of ten birds, one offense only was charged, and that no authority existed for the imposition of the minimum fine on account of each one of the ten birds.

Rem. Rev. Stat., § 2059, reads as follows:

"When there are several charges against any person, or persons, for the same act or transaction, or for two or more acts or transactions connected together, or for two or more acts or transactions of the same class of crimes or offenses, which may be properly joined, instead of having several indictments or informations the whole may be joined in one indictment, or information, in separate counts; and, if two or more indictments are found, or two or more informations filed, in such cases, the court may order such indictments or informations to be consolidated."

While the state could have charged the defendant in ten separate counts, each count based upon the unlawful trapping of one bird, the state having elected to charge the defendant in only one count with the offense of taking ten birds, we hold that the defendant was charged thereby with only one offense, and that the superior court correctly ruled that, upon conviction thereof, no more than the imposition of the mini-

mum fine of ten dollars was required by law. The portion of the game law above quoted specifically makes the killing or taking of every single bird protected by the laws of this state a separate offense. Under Rem. Rev. Stat., § 2059, *supra,* several offenses may be charged in the same information, stated in separate counts. The rule that separate offenses must be stated in separate counts is salutary and protects the rights of the individual charged with crime, while placing no undue burden upon the law-enforcing agencies of the government.

Counsel for the state in support of their contention cite the case of *State v. Poole,* 93 Minn. 148, 100 N. W. 647, in which the supreme court of Minnesota considered a section of the game law of that state imposing a minimum fine of ten dollars for each and every bird had in possession with intent to sell. The law of Minnesota under which the defendants were charged made it an offense to have in possession, with intent to sell, wild duck of any variety, and provided that any person found guilty of violation of the act should be punished by a fine of not less than ten dollars for each and every bird of unlawful possession of which the accused had been found guilty. On appeal, the defendants contended that the state should have, in the indictment, included a separate count for each one of the two thousand birds of unlawful possession of which the defendants were found guilty. The court held that, under the law, the indictment charged but one act, to wit, the possession by the defendants, at a particular time and place, of two thousand wild ducks with intent to sell the same. In the course of its opinion, the court said:

"It would have been competent for the Legislature to have provided that the unlawful possession of each bird should be a distinct offense, punishable by a fine

of not less than $10 nor more than $25, or by imprisonment in the county jail for not less than ten nor more than thirty days. . . . Now, the statute in question secures the same result by treating the unlawful possession of wild ducks, no matter how many, as one offense, . . ."

Under the law of Washington, the killing of every single wild game bird is made a separate offense, and it is evident that the opinion of the supreme court of Minnesota above cited does not support the argument advanced by counsel for the state on this appeal. While it is doubtless true that it was the intention of the legislature that a minimum fine of ten dollars should be imposed for each bird unlawfully snared, we are satisfied that such a penalty can be imposed only in cases where the acts which constitute separate offenses under the law are charged in different counts. We find no error in the record in the two cases in which the state is appellant.

In the third case here presented, Patrick Sullivan appeals from a judgment in the sum of five hundred dollars entered against him by the superior court (on his appeal from the justice court), based upon the forfeiture of a bail bond filed by him as principal.

In this case, it appears that Mr. Sullivan was arrested on a warrant issued by a justice of the peace November 6, 1931, on the charge of unlawful possession of migratory game birds. A bond in the sum of five hundred dollars, conditioned to secure the appearance of the defendant subject to order of the court, was later filed; the defendant being, at the time of filing the bond, present in court with Messrs. Brickey and Million, his attorneys. At this time, the trial of the case was fixed for November 21.

On the latter date, at ten o'clock a. m., the case was called, Mr. Sullivan's attorneys being present, but he

himself not appearing. The case was continued until one-thirty o'clock in the afternoon, at which time, Mr. Sullivan still failing to appear, his bond was forfeited, over the protest of his attorneys and with the understanding that a motion to vacate the order of forfeiture might be heard when the reason for Mr. Sullivan's absence could be ascertained.

December 1, following, Mr. Sullivan with his counsel appeared and stated to the justice that Mr. Sullivan's absence on the date that the case was set for trial had been due to the fact that he had not been informed that the hearing had been set for that day. A motion to vacate the order of forfeiture was made, a hearing was had, and after argument by counsel the motion was denied.

From the judgment against him entered on forfeiture of his bond, Mr. Sullivan appealed to the superior court, where a trial was had, testimony having been introduced by both parties. The superior court upheld the ruling of the justice, and entered judgment against Mr. Sullivan in the sum of five hundred dollars, from which judgment he prosecutes this appeal.

It is true, as argued by appellant in this case, that an application to set aside an order forfeiting a bail bond is addressed to the sound discretion of the court, and is analogous to a proceeding in equity. It is also true that, in the case of *Moe v. Wolter,* 134 Wash. 340, 235 Pac. 803, this court laid down the rule that, in considering appeals from default orders, this court will exercise its own sound discretion, and will reverse the judgment of the trial court if it appears that the discretion of that court was not properly or equitably exercised.

Mr. Sullivan testified that he did not know that his case had been set for trial for November 21. He does

not contend that he thought his case had been set for trial for some other date, but simply says that he had not been advised that his case had been set for the 21st. Mr. Sullivan was in court with his counsel when the trial date was fixed, and it was certainly his duty to know when he was to appear. He knew that he was filing a bail bond, and he must be held to have known that some date was set for his appearance. His counsel knew the date of trial and were present at the appointed time and place.

Mr. Sullivan said that, on the day of trial, he was on his ranch about six miles from the office of the justice before whom he was to appear. His attorneys attempted to reach him by telephone, but were unsuccessful, and no further effort seems to have been made to procure appellant's presence. For his accommodation and to afford him ample opportunity to appear, the hearing was continued from ten o'clock in the morning to one-thirty o'clock in the afternoon. No question of the liability of sureties on the bond is here present, as the judgment entered runs only against the principal.

Under these circumstances, this court will be slow to disturb the ruling of the justice, which was affirmed by the superior court. It clearly appears that, at the time the bond was posted, the trial was fixed for November 21. Under all the circumstances, judgment of forfeiture of the bail was warranted. Upon the record before us, we can not find that the judgment appealed from was wrongfully entered, or that Mr. Sullivan is entitled to any relief in this court. *State v. Jimas,* 166 Wash. 356, 7 P. (2d) 15.

All the judgments appealed from are affirmed. No costs will be allowed to either party in this court.

HOLCOMB, MILLARD, and MITCHELL, JJ., concur.