[No. 11962.   Department One.   June 25, 1914.]

JOHN BURKE *et al., Respondents,* v. NORTHERN PACIFIC
RAILWAY COMPANY, *Appellant.*[1]

APPEAL—DECISIONS APPEALABLE—GRANTING NEW TRIAL. An order
vacating a judgment against minors for fraud in procuring it, and
allowing the guardian to substitute his complaint for the original
complaint in the action, and providing for further proceedings there-
in according to law, is appealable as an order affecting a substantial
right which grants a new trial, within Rem. & Bal. Code, § 1716,
subd. 6.

Motion to dismiss an order of the superior court for Spo-
kane county, Huneke, J., entered March 18, 1914, vacating
a judgment and granting a new trial.   Denied.

*Cannon, Ferris & Swan,* for appellant.

*A. O. Colburn* and *Luby & Pearson,* for respondents.

GOSE, J.—On the 10th day of August, 1909, a compro-
mise judgment was entered in this action, in favor of the
plaintiffs and against the defendant, for the sum of $1,000
damages, for the death of Edward Burke, the husband of
the plaintiff Birdie Burke and the father of the minor plain-
tiffs, in consequence of the alleged negligence of the defend-
ant, which judgment was later paid and satisfied of record.
On the 18th day of March, 1914, upon the petition of the
minor plaintiffs, by Joseph B. Stell, their guardian, the judg-
ment was vacated as to the minors, on the ground of con-
structive fraud.   The conclusion of law is that there was
constructive fraud participated in and practiced by the de-
fendant railway company, Birdie Burke, and her attorney,
in obtaining the judgment in the action, resulting in errone-
ous proceedings against the minors.   The order is "that
Joseph B. Stell, as guardian of the petitioners, be and he is

[1]Reported in 141 Pac. 364.

hereby substituted for Birdie Burke as guardian *ad litem*, and permitted to substitute for the original complaint in this action the complaint tendered with the petition herein, and that further proceedings be had in this action according to law and the rules of this court." The defendant has appealed.

The respondents have moved to dismiss the appeal. They contend that the order only vacates the judgment and hence is not appealable, citing *Tatum v. Geist*, 40 Wash. 575, 82 Pac. 902; *Jones v. Paul*, 56 Wash. 355, 105 Pac. 625; *Wilson v. McGillivray*, 58 Wash. 291, 108 Pac. 620; *Molloy v. Union Transfer etc. Co.*, 60 Wash. 331, 111 Pac. 160. In each of these cases, a default judgment had been entered in favor of the plaintiff, and the judgment was vacated at the suit of the defendant. They hold that an order vacating a judgment is not appealable.

Our statute, Rem. & Bal. Code, § 1716, subd. 6 (P. C. 81 § 1183), authorizes an appeal "from an order affecting a substantial right in a civil action or proceeding, which either, (1) in effect determines the action or proceeding and prevents a final judgment therein; or . . . (3) grants a new trial." We think the effect of the judgment is to grant a new trial. The respondents had no other purpose in moving to vacate the judgment. The order vacating the judgment will be of no value to them except as it permits them to reprosecute the same action or to prosecute an independent action for the same cause. It permits the guardian to substitute his complaint for the original complaint in the action, and provides that further proceedings be had according to law and the rules of the court. This means, of course, a new trial, and we think distinguishes the case from the authorities cited. In each of those cases the only purpose of the defendants was to have the judgment vacated. A new trial, if any, was at the option of the party adversely affected by the vacation of the judgment. A different question is presented

where a judgment in favor of the plaintiffs is vacated at their suit in order that they may have a new trial of the issues.

The motion is denied.

CROW, C. J., ELLIS, MAIN, and CHADWICK, JJ., concur.