[No. 15576. Department Two. December 5, 1919.]

FRED VAN BUREN et al., Appellants, v.
CHRIS J. PETERSON et al.,
Respondents.[1]

APPEAL (51)—DECISIONS REVIEWABLE—ORDER VACATING DEFAULT. An order vacating a default judgment is not appealable.

JUDGMENT (34)—DEFAULT—PROOF. The taking of proof ex parte after default does not make the judgment other than one by default.

Appeal from an order of the superior court for Lincoln county, Sessions, J., entered May 2, 1919, vacating a default judgment, after a hearing before the court. Dismissed.

Freece & Pettijohn and S. H. Cutting, for appellants.

Cannon & Ferris, for respondents.

TOLMAN, J.—This is an action in unlawful detainer; complaint and summons, the latter in special form, requiring an appearance on or before November 28, 1917, were duly served upon respondents. On the return day respondents, through their attorneys, appeared and served a demurrer to the complaint upon appel-

[1]Reported in 185 Pac. 572.

lants' attorneys, who duly noted the same for hearing on December 11, 1917. At the time of hearing, the demurrer had not been filed, nor any appearance of record made by respondents. The court made an order requiring respondents to appear and file their demurrer forthwith, which was duly served, but was not complied with, and on January 10, 1918, the default of the respondents for failure to appear was duly entered; proof was taken in open court, findings and conclusions were made and a judgment entered in favor of appellants, authorizing a writ of restitution to issue. Thereafter, on June 8, 1918, respondents served their petition to vacate the judgment and for leave to file an answer and cross-complaint, which petition was heard and granted on April 28, 1919, and thereafter respondents filed an answer and cross-complaint. Appellants perfected an appeal from the order vacating the judgment and granting leave to file an answer and cross-complaint, and respondents now move to dismiss the appeal upon the ground that the order complained of is not an appealable order.

The law is well settled by a long line of decisions of this court that an order setting aside a judgment by default is not appealable, because the policy of the law is to avoid a multiplicity of appeals and relegate the party aggrieved, so far as possible, to but one appeal after final judgment, which brings up for review all orders made in the action, thus avoiding needless delays which frequently amount to a denial of justice, saving expense to litigants, and relieving the courts of useless and unnecessary labor. The subject was fully discussed in *Nelson v. Denny,* 26 Wash. 327, 67 Pac. 78, and the reasons against the rule were ably presented in a dissenting opinion by Judge Fullerton, concurred in by Judge Mount, since which time it has

been generally followed, though attempts to show exceptions to the rule have not been infrequent.

Upon one of these exceptions, *Burke v. Northern Pac. R. Co.*, 80 Wash. 188, 141 Pac. 364, appellants base their defense to the motion. It appears, however, in the *Burke* case, this court found that the order appealed from was one granting a new trial to the plaintiff in the action, and as such was clearly distinguishable.

Notwithstanding the argument of counsel, which closely follows the dissenting opinion in *Nelson v. Denny, supra*, we are constrained to hold that the law is too well settled against these contentions to warrant a re-examination of the subject. The taking of *ex parte* proof after the default upon which to base the judgment does not make the judgment other than one by default.

The motion must be granted and the appeal dismissed. It is so ordered.

HOLCOMB, C. J., MOUNT, MITCHELL, and FULLERTON, JJ., concur.