[No. 26350. Department One. May 6, 1937.]

R. A. GRAHAM *et al.*, *Appellants*, v. YAKIMA STOCK BROKERS, INC., *Respondent*.[1]

[1]Reported in 67 P. (2d) 899.

*Cheney & Hutcheson* and *Walter J. Robinson, Jr.,* for appellants.

*Snively & Bounds* and *John Gavin,* for respondent.

BLAKE, J.—An order of default was entered against the plaintiffs on July 6, 1936. Thereafter, on July 14th, they gave notice of appeal "from that certain order of default made and entered herein on the 6th day of July, 1936, . . . and from the whole and each and every part of said order of default." The brief of appellants was filed in this court on August 17th. Transcript and bill of exceptions were filed September 1st.

Thereafter, on December 10th, the court made findings and entered judgment in favor of the defendant. December 23rd, plaintiffs filed a motion to vacate the judgment, which motion was denied by an order entered December 29th. December 31st, plaintiffs gave notice of appeal "from that certain judgment entered herein on December 10, 1936, . . . and from that certain order made and entered by the court herein on December 29, 1936, denying the motion of the plaintiffs to vacate and set aside the said default judgment."

A so-called supplemental transcript was filed in this court on January 13, 1937. What is characterized as a supplemental brief of appellants and memorandum of additional authorities was filed in this court January 29th. A so-called supplemental bill of exceptions was filed February 8th.

Respondent moves to dismiss the appeal taken from the order of default. The order of default was not an appealable order. 3 C. J. 605. See *Jordan v. Hutchinson,* 39 Wash. 373, 81 Pac. 867, wherein of an order refusing to vacate an order of default it was said:

"A refusal to vacate a mere order of default is not a final order made after judgment, but is one made before judgment, and subd. 1 of the section of the statute above cited expressly provides that the appeal from the final judgment shall bring up for review any order made in the same action before judgment."

This statement is equally applicable to the order of default itself. The appeal from that order, taken July 14, 1936, was premature, and the motion to dismiss will be granted. *Strickland v. Rainier Golf & Country Club*, 156 Wash. 640, 287 Pac. 900; *State v. Crockett*, 158 Wash. 152, 290 Pac. 873.

■ Respondent also objects to the hearing of the appeal taken by plaintiffs from the judgment entered December 10th and the order of December 29th refusing to vacate that judgment. The objection is well taken. Rule IX, subd. 3, of Rules of Court (178 Wash. xxxv), provides:

"Ten days before the beginning of each session of the court, the clerk shall assign for hearing . . . any cause on the docket ready for hearing . . . A cause on the docket of the courts shall be deemed ready for hearing when it appears that the transcript is on file; and—

"(a) That the appellant's brief and respondent's brief are on file; or

"(b) That the appellant's brief is on file, and has been served upon the respondent for a period of thirty days or more; or

"(c) That the appellant's brief is on file, and all parties to the appeal have stipulated that the cause may be assigned for hearing at such session."

Since the proceedings taken under the notice of appeal from the order of default were completely abortive, the cause was not pending at all in this court until after the January term opened, when appellants filed their so-called supplemental brief, transcript and

bill of exceptions. Consequently, the cause could not be deemed ready for hearing in the January term under subd. 3, of Rule IX, *supra*. We therefore decline, over respondent's objection, to at this time consider the appeal from the final judgment and the order refusing to vacate it.

STEINERT, C. J., MAIN, GERAGHTY, and ROBINSON, JJ., concur.

