[No. 28344.   Department Two.   July 8, 1941.]

ED BISHOP, *Appellant,* v. W. R. ILLMAN *et al., Defendants,* CITIZENS BANK OF SULTAN, *Respondent.*[1]

*A. V. Stoneman,* for appellant.

*Newton & Newton,* for respondent.

MILLARD, J.—A default judgment was entered October 22, 1940, against respondent, as garnishee defendant, in favor of appellant, who had theretofore instituted an action against the marital communities of W. R. Illman *et ux.* and H. W. Illman *et ux.* on certain claims and recovered judgment for the amount claimed.

The trial court entered an order, January 11, 1941, granting petition of respondent garnishee defendant for vacation of the default judgment against it and for permission to file its answer to the writ of garnishment, on payment to appellant plaintiff of costs in the amount of twenty-five dollars.   The appeal is from that order.

[1]Reported in 115 P. (2d) 151.

At the threshold is a question of jurisdiction, which we raised *sua sponte.* Is the order of which appellant complains an appealable order?

In the absence of constitutional provision, the right of appeal is purely statutory. The provision of our constitution, Art. IV, § 4, conferring the right of appeal, is not self-executing, but, as we said in *Robison v. LaForge,* 170 Wash. 678, 17 P. (2d) 843, "receives its vitality from legislative enactment." Unless the order vacating the judgment comes within the terms of the appeal statute (Rem. Rev. Stat., § 1716 [P. C. § 7290]), it is not an appealable order.

The statute (Rem. Rev. Stat., § 1716) provides that an appeal lies to this court from any order affecting a substantial right in a civil action or proceeding which either, in effect, determines the action or proceeding and prevents a final judgment therein, or discontinues the action, and from any final order made after judgment, which affects a substantial right.

When the question, under the foregoing statutory provisions, of the right to appeal from an order vacating a judgment, was raised in *Tatum v. Geist,* 40 Wash. 575, 82 Pac. 902, we cited our prior decisions on the question and enunciated the rule, from which we have not departed, deducible from those decisions. The rule is that, if an order vacating a judgment is or may be followed by further proceedings in the cause and the entry of a final judgment therein, such order is not of itself appealable, but may be reviewed on appeal from the final judgment; that is, an order vacating a judgment in a garnishment proceeding, which does not determine the proceeding and prevent a final judgment therein, is not appealable. See *Van Buren v. Peterson,* 108 Wash. 697, 185 Pac. 572, and *Graham v. Yakima Stock Brokers, Inc.,* 190 Wash. 269, 67 P. (2d) 899.

By vacation of the default judgment, the respondent

was permitted, on terms, to file its answer to the writ of garnishment. If appellant is not satisfied with respondent's answer he may controvert same by affidavit. Rem. Rev. Stat., § 700 [P. C. § 8019]. If appellant controverts respondent's answer, "an issue shall be formed, under the direction of the court, and tried as other cases . . ." Rem. Rev. Stat., § 702 [P. C. § 8021]. From the foregoing, it is clear that the order vacating the default judgment and permitting respondent to file its answer does not determine the action so as to prevent a judgment therein.

The appeal is dimissed.

ROBINSON, C. J., BEALS, SIMPSON, and JEFFERS, JJ., concur.