[No. 28622. *En Banc.* June 11, 1942.]

ED BISHOP, *Appellant,* v. W. R. ILLMAN *et al., Defendants,* CITIZENS BANK OF SULTAN, WASHINGTON, *Respondent.*[1]

'Reported in 126 P. (2d) 582.

*A. V. Stoneman,* for appellant.

*Newton & Newton,* for respondent.

BLAKE, J.—Having obtained a judgment against defendants Illman, plaintiff caused a writ of garnishment to issue directed to Citizens Bank of Sultan. The writ was served on the garnishee defendant September 12, 1940. The garnishee defendant having failed to answer, plaintiff took default judgment against it on October 22, 1940, for the full amount of the judgment he held against the defendants Illman. Plaintiff caused execution to issue, under which a levy was made against the garnishee defendant on November 29, 1940. December 10, 1940, the garnishee defendant filed a petition to vacate the default judgment of October 22, 1940. After hearing the petition upon affidavits, the court entered an order vacating the default judgment. Plaintiff appealed from that order, but his appeal was dismissed on the ground that the order was not appealable. *Bishop v. Illman,* 9 Wn. (2d) 360, 115 P. (2d) 151. Thereafter, the matter came up for trial in the superior court upon the controversion by plaintiff of the garnishee defendant's answer to the writ of garnishment. The trial resulted in the discharge of the garnishee defendant. From judgment accordingly entered, plaintiff appeals.

The sole question presented by the appeal is whether the court abused its discretion in vacating the default judgment entered against the garnishee defendant on October 22, 1940.

The rule is well established that applications for the vacation of default judgments are addressed to

the sound discretion of the trial court, and this court will not disturb an order either granting or denying such an application unless it can be said that there has been a manifest abuse of discretion. *Rule v. Somervill,* 150 Wash. 605, 274 Pac. 177. In *Moody v. Reichow,* 38 Wash. 303, 80 Pac. 461, a case where this court reversed an order vacating a default judgment, the following excerpt from *Bailey v. Taaffe,* 29 Cal. 423, was quoted with approval, p. 308:

" 'The discretion intended, however, is not a capricious or arbitrary discretion, but an impartial discretion, guided and controlled in its exercise by fixed legal principles. It is not a mental discretion to be exercised *ex gratia,* but a legal discretion, to be exercised in conformity with the spirit of the law, and in a manner to subserve and not to impede or defeat the ends of substantial justice. In a plain case, this discretion has no office to perform, and its exercise is limited to doubtful cases, where an impartial mind hesitates.' "

Now, in the light of this definition of judicial discretion, let us examine the facts as disclosed by the petition for the vacation of the default judgment of October 22, 1940, and the affidavits for and against it. The garnishee's position rests upon averments made by the cashier of the bank to the following effect:

That it had been the practice of the bank over a long period of time "to cooperate upon the service of Writs of Garnishment to the end that filing fees would be saved and trouble incident to such garnishments cut to a minimum. That on a date subsequent to the service" of the writ, plaintiff personally called him (the cashier); that "from such conversation over the telephone with the plaintiff," he (the cashier) "thought that it was not desired or necessary to file an answer to the Writ of Garnishment and that the matter was dropped so far as the Garnishee Defendant was concerned; that the Garnishee Defendant through its

Cashier either misunderstood the plaintiff or was deceived by the plaintiff into believing that the filing of an answer would not be necessary for the garnishee defendant would have most certainly have filed an answer if it had understood that such was desired or necessary in view of the fact that it had no account and no property or money belonging to the defendants, . . ."

The plaintiff's version of the telephone conversation is that, when he called the cashier, the latter, among other things, said, in substance: " 'We never make a practice of answering garnishments, besides we *refused this garnishment.*' " When urged to file an answer, the cashier replied: " 'I am not interested, I told your man there was no money here.' " Again plaintiff averred: That he went with the deputy sheriff when the execution was levied on November 29th; that the cashier, when shown the execution, said, in substance: " 'I don't see how you could get a judgment against the bank. We refused the garnishment' "; that, when asked by the deputy sheriff what he meant by saying they refused the garnishment, the cashier replied, " 'We just did not accept it. Did not see any necessity to.' "

The deputy sheriff, by affidavit, averred: " . . . that I have read the affidavit of the said Ed Bishop as to occurrences and conversations in the bank at the time of levying the said execution; that the allegations of the said Bishop as to what took place in the bank and statements made by the parties are substantially correct." Indeed, the cashier does not deny the statements attributed to him on either occasion.

[2] The grounds for vacating a default judgment are excusable neglect or fraud practiced by the prevailing party. We think the evidence offered by the

garnishee defendant fails to establish either fraud or excusable neglect. On the contrary, it appears to us that the evidence conclusively establishes a willful disregard of the writ on the part of the garnishee defendant. This, the court will not tolerate. *Jacobsen v. Defiance Lbr. Co.*, 142 Wash. 642, 253 Pac. 1088; *Rule v. Somervill*, 150 Wash. 605, 274 Pac. 177, *supra; Pacific Coast Paper Mills v. Pacific Merc. Agency*, 165 Wash. 62, 4 P. (2d) 886. In the *Jacobsen* case, the court said:

"We do not mean by what is now said that the rules may be disregarded with impunity. Far from it. The courts will seldom relieve one who has wilfully disregarded the command of a summons duly served, and always the burden is on the party seeking the relief to show that his failure was not so negligent as to be wholly inexcusable and that he has a good defense, in whole or in substantial part."

To countenance such an attitude as the garnishee defendent in this case manifested towards the writ of garnishment, would soon seriously impair, if not destroy, the effectiveness of all judicial process. In the recent case of *Knettle v. Kennett,* 12 Wn. (2d) 261, 121 P. (2d) 343, it was observed, p. 266: "A writ of garnishment is not to be trifled with, as many a layman has found, to his cost. It can only be prudently dealt with by going to the expense of employing an attorney."

It is asserted in one of the affidavits filed in support of the petition to vacate that the affidavit for the writ of garnishment was served and not the writ itself. We think the proof of service of the writ was quite sufficient—so sufficient, in fact, that we have no doubt that it was served. Upon the facts disclosed by the record, there was no warrant for setting the judgment aside.

The judgment appealed from is reversed, and the

cause is remanded, with direction to reinstate the default judgment entered October 22, 1940.

ROBINSON, C. J., MAIN, STEINERT, MILLARD, SIMPSON, and DRIVER, JJ., concur.

BEALS, J. (dissenting)—The general rule that applications for the vacation of default judgments are addressed to the sound discretion of the trial court, and that this court will not disturb an order either granting or denying such an application, unless it can be said that there has been a manifest abuse of discretion, is correctly stated in the opinion of the majority.

In the case of *Agricultural & Livestock Credit Corp. v. McKenzie,* 157 Wash. 597, 289 Pac. 527, this court, speaking through Judge Millard, said:

"A question of fact was presented to the trial court as to whether the respondent had been guilty of excusable neglect in not answering the complaint. The motion to vacate the default was an appeal to the discretion of the trial court, and the exercise of that discretion will not be disturbed by us unless a clear abuse is shown, inasmuch as the trial of cases on their merits is favored."

In the case of *Graham v. Yakima Stock Brokers,* 192 Wash. 121, 72 P. (2d) 1041, referring to the matter of review by an appellate court of an action by a superior court, we said, in reversing a judgment entered pursuant to an order of default:

"It is also a rule that, where default has been denied or vacated by the trial court, a stronger case showing abuse of discretion is required for reversal than where trial on the merits has been denied."

In the case at bar, appellant appeals from an adverse judgment rendered after the vacation of an earlier judgment in his favor entered pursuant to an order of default against respondent.

As I read the record, the evidence before the trial court was in dispute, and afforded ample ground for the exercise of the court's discretion.

In my opinion, the record does not warrant reversal of the judgment appealed from and the reinstatement of the default judgment. The vacation of that default judgment was a matter resting largely within the discretion of the trial court, and the exercise of that discretion having resulted in the vacation of the default judgment, a very heavy burden rests upon appellant to show before this court that the discretion vested in the trial court was abused. In my opinion, appellant has not borne this burden, and I accordingly dissent from the conclusion of the majority.

JEFFERS, J., concurs with BEALS, J.