[No. 29397.   Department One.   October 6, 1944.]

W. R. LARSON et al., Respondents, v. VICTOR ZABROSKI, Appellant.[1]

Eisenhower, Hunter & Ramsdell, for appellant.

John T. McCutcheon, for respondents.

[1] Reported in 152 P. (2d) 154.

MILLARD, J.—Victor Zabroski executed and delivered June 23, 1930, to Otto Schlegel his promissory note for one thousand dollars, payable June 23, 1933, payment of which note was secured by a first mortgage on certain real property in Tacoma. No payments were made on the note, which was assigned to plaintiffs, who obtained a default judgment against Zabroski January 5, 1944, for the face amount of the note plus attorney's fees. Defendant's motion filed February 9, 1944, for vacation of the judgment upon the ground that the judgment was taken against him through mistake, inadvertence, surprise, or excusable neglect, and for the further reason that his failure to answer the complaint within the time limited by law was occasioned by unavoidable casualty or misfortune, was denied. Defendant appealed.

Appellant's motion to vacate the judgment was supported by his affidavit that appellant at no time prior to the entry of the default judgment had any knowledge that the action had been commenced. He first learned that the action had been commenced when so advised by a friend, shortly after the entry of the judgment, that judgment was taken against appellant, which information his friend obtained through the Tacoma Daily Index.

Appellant's affidavit further recites that, upon investigation, appellant ascertained that, on or about December 4, 1943, a young lady delivered at the house at 4414 S. Sheridan, Tacoma, where affiant had been rooming and boarding several years, some papers, which papers were left with one Al Elkins, who also resides at that address. Al Elkins put the papers, which were apparently copies of summons and complaint in the action upon the note, upon a table in the hallway of the house in which appellant resided and did not deliver them to appellant, who did not see the papers before the entry of the judgment,

". . . nor has he been able to locate them since, and he was not advised of the delivery of the same until subsequent to the entry of said judgment.

"That affiant had no reason to suspect that an action would be brought upon said promissory note, and if he had

knowledge thereof, he would have interposed a defense to the same, but because of the fact that he at no time had knowledge of the commencement of the same, he could not defend against the judgment taken against him, through mistake, inadvertence, surprise or excusable neglect."

Appellant's answer, filed contemporaneously with his motion and affidavit in support of the motion, affirmatively alleged that the obligation upon which respondents sought recovery was barred by the statute of limitations. The matter was heard solely on affidavit of appellant—the gist of which is recited above—and appellant's stipulation that a copy of the summons and complaint was duly and regularly served upon him by leaving same with one Al Elkins, a person of suitable age and discretion residing at the rooming and boarding house where appellant resided. The trial court observed that the service was regular and presumed that appellant got notice of it; that

"It is a legal document and I doubt if any one would just throw it away. I think he would get it just the same as he gets his mail; but I have to concede he says he did not get it, but it was due and regular service and I think it justifies the judgment."

■ Counsel for appellant concede that the service upon appellant of a copy of the summons and complaint at his usual place of abode, a place where he had resided several years, was in conformity to the requirements of the statute (Rem. Rev. Stat., § 226 [P. C. § 8438], subd. 12). However, insist counsel for appellant, while substituted service of papers by leaving same with a member of a defendant's family with each member of which the matter would be of such concern as to afford a degree of assurance that a member of the family would complete the service by handing the papers to the intended defendant, or at least calling same to his attention, the leaving of papers with a stranger to the blood, who is not concerned as a member of the family would be, is not within the spirit of the statute, therefore the trial court did not exercise a sound legal and impartial discretion in refusing to vacate the default judgment. It is urged that the ruling can be only justified upon

an unwarranted assumption, not shown of record, that Elkins handed the papers to appellant or in some manner appellant was advised of the service.

Had the legislature intended that substituted service under Rem. Rev. Stat., § 226, subd. 12, be restricted to delivery of a copy to an intended defendant's kith or kin, it would have so stated. The statute, reading as follows, is clear, and it is conceded that service was made in conformity to the requirements of that statute:

"The summons shall be served by delivering a copy thereof as follows:

" . . . by leaving a copy of the summons at the house of his usual abode with some person of suitable age and discretion then resident therein." Rem. Rev. Stat., § 226, subd. 12.

In *Bishop v. Illman,* 14 Wn. (2d) 13, 126 P. (2d) 582, in which we reviewed our prior decisions on the question of vacation of default judgments, we stated the rule was well established that applications for the vacation of default judgments are addressed to the sound discretion of the trial court and that we will not disturb an order either granting or denying such an application unless it can be said that there has been a manifest abuse of discretion. The trial court in the case at bar was not guilty of a manifest abuse of discretion. Rightly the court presumed that appellant had received the notice. Appellant's affidavit is a self-serving declaration unsupported by any evidence of other facts which would excuse appellant's disregard of the service.

While a court, as was observed in *Rule v. Somervill,* 150 Wash. 605, 274 Pac. 177, will relieve a suitor from the consequences of disobedience of the command of a writ if such disobedience is shown to be the result of inadvertence, misfortune, or excusable neglect, the court will not relieve from a wilful disobedience, or from a disobedience which is the result of a mere inattention or neglect.

The discretion to be exercised by the court in cases of the character of the one at bar is not a mental discretion to be exercised as a matter of grace, but a legal discretion to be

exercised in conformity to the spirit of the law, and in a manner to subserve the ends of substantial justice. In a plain case, we stated in *Bishop v. Illman, supra,* this discretion has no office to perform.

The trial court on the facts could not correctly have granted the application to vacate the default judgment. There had been proper service of the summons of which it is not necessary that a defendant have actual knowledge. There was no fraud or neglect practiced by the respondents upon appellant. The showing made by appellant upon whom was the burden of presenting facts to the court which would justify discretion to vacate the judgment discloses inattention or neglect on appellant's part. He presented nothing to the court except his unsupported word that he was not aware that he had been regularly served until after entry of the default judgment. His own affidavit discloses that the papers were placed on a table in the hallway, where doubtless his mail was placed, a table no doubt he passed at least twice a day for years and from which he picked up papers and mail intended for him.

The order is affirmed.

SIMPSON, C. J., STEINERT, JEFFERS, and GRADY, JJ., concur.

## ON REHEARING.

[*En Banc.* January 16, 1945.]

PER CURIAM.—Upon a rehearing, *En Banc,* the court adheres to the Departmental opinion heretofore filed herein.