[No. 38513.    Department One.    January 5, 1967.]

COMMERCIAL SERVICE COMPANY, INC., *Appellant*, v. DRAKE DISTRIBUTORS, INC., *et al., Respondents.**

*Anderson & Stead* and *Douglas C. Anderson,* for appellant.

*Edmund F. Jacobs,* for respondents.

OTT, J.—August 7, 1964, the Commercial Service Company, Inc., as assignee of an account of the Richfield Oil Corporation, commenced an action in the Seattle District Justice Court against Drake Distributors, Inc., and Curtis N. Drake and wife, guarantors of the Drake corporate account, to recover sums allegedly due and owing. The notice and complaint were served upon the defendants which notice fixed the return date as August 27, 1964. August 12th, the defendants appeared by serving upon and leaving with the attorney for plaintiff a copy of their appearance. August 14th, the defendants filed with the Clerk of the Seattle District Justice Court the original notice of appearance which contained the plaintiff's acknowledgment of service. The plaintiff's attorney contacted the district justice court and was told that the trial had been set by the court for 1:30 p.m., September 29, 1964. No notice of the trial date was given to the attorney for defendants. When

*Reported in 422 P.2d 326.

the defendants did not appear for trial on September 29, 1964, the plaintiff was granted a default judgment against the defendants.

October 21, 1964, the defendants received notice that judgment had been taken when a writ of garnishment was issued and served. Attorney for the defendants requested plaintiff's attorney to voluntarily vacate the default judgment for the reason that the defendants were not in default but had served and filed an appearance. November 23, 1964, the request was refused. A formal motion was then made to vacate the default judgment. December 1, 1964, the district justice vacated the default judgment and granted defendants leave to answer the complaint. Plaintiff sought a review by certiorari to the superior court contending the default judgment was illegally vacated. The superior court sustained the justice court order which vacated the default judgment and granted defendants leave to answer. The plaintiff has appealed.

Is an order vacating a default judgment and granting leave to answer the allegations of the complaint an appealable order?

Rule on Appeal 14, RCW vol. 0, provides, *inter alia*, follows:

> Any party aggrieved may appeal to the supreme court in the mode prescribed in these rules from any and every of the following determinations, and no others, made by the superior court, or the judge thereof, in any action or proceeding:
>
> (1) From the final judgment entered in any action or proceeding. . . .
> . . . .
>
> (6) From any order affecting a substantial right in a civil action or proceeding, which either, (1) in effect determines the action or proceeding and prevents a final judgment therein; or (2) discontinues the action;
> . . . .

■ This court held in construing Rem. Rev. Stat. § 1716 (which statute was followed and abrogated by Rule on Appeal 14) that an appeal does not lie from an order vacat-

ing a default judgment for the reason that such an order does not determine the action or proceeding; it does not prevent a final judgment; it does not discontinue the action; and it is not a final judgment. *Bishop v. Illman,* 9 Wn.2d 360, 115 P.2d 151 (1941). See, also, *Tatum v. Geist,* 40 Wash. 575, 82 Pac. 902 (1905) and *Dux v. Hostetter,* 37 Wn.2d 550, 225 P.2d 210 (1950).

The cited cases are decisive of the issue here presented. The appeal is dismissed.

ROSELLINI, C. J., HILL and HALE, JJ., and BARNETT, J. Pro Tem., concur.